THE BEAVER VALLEY BANK v. COUSINS & SPOONER ET AL.

1. **Execution:** GARNISHMENT OF JUDGMENT IN FAVOR OF EXECUTION DEBTOR, BUT IN FACT BELONGING TO ANOTHER. A judgment appearing of record in favor of the execution defendant, but which in fact belongs to another, cannot, by the garnishment process, be subjected to the execution, where it appears that the execution plaintiff has been in no way prejudiced by the fact that the judgment appeared to belong to his debtor. In such cases the law will look to the very rights of the parties, and will not suffer an execution to be satisfied out of another's property.

*Appeal from Butler District Court.*

FRIDAY, OCTOBER 23.

ACTION at law upon a bond executed to a sheriff to indemnify him against any claimant of money in his hands, collected upon execution, against damages which he might sustain by reason of the unlawful payment thereof to defendants, the principals in the bond. There was a trial to the court without a jury, and a judgment for plaintiff, a claimant of the money. Defendants appeal.

*H. C. Hemenway*, for appellants.

*O. B. Courtright*, for appellee.

BECK, CH. J.—I. The undisputed facts in the case are as follows: (1) Plaintiff recovered a judgment against F. W. Rice, who subsequently recovered a judgment against one Benson. (2) Benson being garnished by plaintiff as the

debtor of F. W. Rice, and answering that he was indebted to him upon the judgment, another judgment was rendered against him in its favor as garnishee, upon which an execution was issued and delivered to the sheriff. (3) Benson paid the money to the sheriff, who, at the time, held an execution upon the judgment against F. W. Rice, in favor of plaintiff. (4) The debt upon which the judgment in favor of F. W. Rice was rendered against Benson was, in fact, the property of Levi Rice, for whom F. W. Rice had acted as agent in the transaction out of which the debt originated, but for convenience, or other lawful purpose, the note was made payable to F. W. Rice. (5) The judgment rendered upon this note against Benson, under which defendants Cousins & Spooner claim the money in question, was assigned to them in payment of property bought for and used by Levi Rice; he receiving the sole benefit therefrom. (6) Neither Cousins & Spooner, nor Levi Rice, nor F. W. Rice, had knowledge of the garnishment of Benson in the proceedings instituted by plaintiff. (7) After the money in question came into the hands of the sheriff, both plaintiff and Cousins & Spooner claimed it. And the sheriff, being doubtful as to whom it should be paid, required the indemnifying bond of defendants, and upon its execution paid the money to them. Upon this bond the action was brought.

II. We are of the opinion that the district court erred in holding that plaintiff is entitled to recover upon the bond. The property in the note executed by Benson to F. W. Rice was in Levi Rice, and the same is true of the judgment rendered thereon. It is true that F. W. held the note and judgment in his own name, but he so held them as an agent or trustee of Levi, who could at any time have enforced their transfer to him, or the payment of the proceeds thereof. He was the real owner of the note and judgment, and of the money paid thereon. The judgment, being the property of Levi, was assigned to Cousins & Spooner to pay a debt he owed them. The plaintiff, being a creditor of F. W. Rice,

cannot enforce its judgment against property not belonging to him. The law will consider the very rights of the parties, inquire who is the real owner of the money in question, and award it accordingly. It will not appropriate the money to the payment of the debt of F. W. Rice, who did not hold the title thereto. There is no fraud or misrepresentation in the case which gives plaintiff any claim to the money. It was not induced to part with any right by a knowledge of the fact that the note and mortgage were in the name of F. W. Rice. It is not shown that plaintiff gave him credit for the reason that he held the note and judgment in his own name. Plaintiff stands simply in the position of one attempting to collect the judgment in his favor from property not owned by his debtor. It has lost nothing by reason of the fact that its debtor held the note and judgment, and is in no worse position than it would have been in had the real ownership of the note or mortgage appeared upon its face. These considerations lead us to the conclusion that the sheriff rightly paid the money to defendants, and that there can be no recovery upon the indemnifying bond upon which this suit is brought.

Questions in regard to the validity of the bond, based upon the fact that it is not authorized by the statute, need not be discussed and decided.

The judgment of the court below is reversed, and the cause will be remanded for a judgment in accord with this opinion.

REVERSED.